IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER SCHIERMEYER, Individually and as Special Administrator of the Estate of Matthew T. Schiermeyer, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>POLARIS INDUSTRIES INC., POLARIS SALES INC., POLARIS INC., and INDIANA MILLS & MANUFACTURING, INC.,<br><br>Defendants. | **4:25CV3177**<br><br><br><br>**FIRST AMENDED FINAL PROGRESSION ORDER** |

This matter comes before the court on the parties' Joint Stipulation to Amend the Final Progression Order. (Filing No. 47). That stipulation is granted. Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **September 16, 2026** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 28).

2) The deadlines for moving to amend pleadings or add parties is June 30, 2026.

3) Plaintiff's deadline for responding to the Polaris Defendants' Second Set of Requests for Production of Documents is extended until July 22, 2026. The Polaris Defendants' deadline to file motions to compel Plaintiff's responses to their Second Set of Requests for Production of Documents is extended until August 6, 2026.

**Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

4)    The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | September 17, 2026. |
| For the defendant(s): | November 16, 2026. |
| Plaintiff(s)' rebuttal: | December 17, 2026. |

5)    The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is January 15, 2027.

   a.  The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

   b.  Depositions will be limited by Rule 30(d)(1).

6)    The deadline for filing motions to dismiss and motions for summary judgment is February 18, 2027.

7)    The deadline for filing motions to exclude testimony on *Daubert* and related grounds is January 18, 2027.

8)    Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9)    The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

10)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 24th day of June, 2026.

                        BY THE COURT:

                        s/ Ryan C. Carson
                        United States Magistrate Judge