IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER SCHIERMEYER, Individually and as Special Administrator of the Estate of Matthew T. Schiermeyer, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>POLARIS INDUSTRIES INC., POLARIS SALES INC., POLARIS INC., and INDIANA MILLS & MANUFACTURING, INC.,<br><br>Defendants. | **4:25CV3177**<br><br>**SECOND AMENDED FINAL PROGRESSION ORDER** |

This matter comes before the court on the parties' Joint Stipulation to Amend the Final Progression Order. (Filing No. 53). That stipulation is granted. Accordingly, IT IS ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings scheduled on **September 16, 2026** **is continued** and will now be held with the undersigned magistrate judge on **February 23, 2027** at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 28).

2) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | January 29, 2027. |
| For the defendant(s): | March 30, 2027. |
| Plaintiff(s)' rebuttal: | April 30, 2027. |

3) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is May 31, 2027.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

   b. Depositions will be limited by Rule 30(d)(1).

4) The deadline for filing motions to dismiss and motions for summary judgment is July 2, 2027.

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is June 1, 2027.

6) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 14th day of September, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge